Amy M. Samberg
Nevada Bar No. 10212
Joshua D. Cools
Nevada Bar No. 11941
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: asamberg@swlaw.com
Email: jcools@swlaw.com

Attorneys for Defendant
PEERLESS INDEMNITY INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMUNITY OWNED MERCANTILE PROJECT, INC. aka GARNET MERCANTILE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PEERLESS INDEMNITY INSURANCE COMPANY, a New Hampshire Corporation; DOES I-XXX; and ABC CORPORATIONS A-Z, inclusive,<br><br>　　　　　Defendants. | CASE NO. 3:15-cv-00134-LRH-WGC<br><br>**DEFENDANT PEERLESS INDEMNITY INSURANCE COMPANY'S MOTION TO DISMISS** |

Defendant Peerless Indemnity Insurance Company ("Peerless") respectfully moves the Court for dismissal of Plaintiff's claims for relief against Peerless because the subject insurance policy requires that the parties comply with the policy's mandatory appraisal provisions as an absolute condition precedent to Plaintiff pursuing a lawsuit against Peerless over disputes involving loss valuation. In the alternative, Peerless moves the Court to stay all proceedings relating to Peerless in this matter and compel Plaintiff to comply with the policy's mandatory appraisal provisions.

///
///
///

This motion is based upon the pleadings and papers on file in this case, the Memorandum of Points and Authorities below, and any oral argument the Court may entertain.

DATED this 9th day of March, 2015.

SNELL & WILMER L.L.P.

By: /s/ Joshua D. Cools
Amy M. Samberg
Nevada Bar No. 10212
Joshua D. Cools
Nevada Bar No. 11941
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

Attorneys for Defendant
PEERLESS INDEMNITY
INSURANCE COMPANY

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. Introduction

This case arises out of an insurance claim for water damage that occurred on January 16, 2013, to The Garnet Mercantile, located at 363 Aultman St., Ely, NV 89301 ("the Loss"). The Loss included damage to The Garnet Mercantile and its contents, including merchandise. On January 17, 2013, Community Owned Merchantile Project, Inc. aka Garnet Mercantile ("Plaintiff") submitted a claim under the property insurance policy issued by Peerless, Policy No. BOP 7355102, with effective dates of August 26, 2012 through August 26, 2013 ("the Policy").

Peerless promptly investigated and adjusted Plaintiff's claim, which was designated as Claim 705124500 ("the Claim"), and advanced payments to Plaintiff for the Loss prior to making final determinations as to the claimed amounts. In order to determine the loss amount for the business personal property claim (*i.e.*, the store's damaged merchandise), Peerless relied on an inventory of damaged items provided by Plaintiff when the damaged inventory was removed from Plaintiff's store. Peerless determined the value of the damaged property and paid the undisputed amounts owed of $102,893.97.[1] Following Peerless' payment, Plaintiff purchased

---
[1] Peerless tendered the final undisputed amount of $7,911.84 on October 29, 2014.

- 2 -

replacement stock, but was only able to fill ½ of the store. Plaintiff then contacted Peerless, claiming that Peerless' payments failed to account for approximately $130,000 of additional stock that they believe was present at the time of the Loss. The parties have been unable to resolve the difference in the amount of Plaintiff's business personal property claim. Plaintiff subsequently filed suit against Peerless for breach of contract, breach of the covenant of good faith and fair dealing, and statutory bad faith.[2]

Peerless acted promptly, reasonably, and in good faith in determining coverage for the loss. There has never been any dispute over coverage for Plaintiff's Claim. Instead, Peerless and Plaintiff has a disagreement over the *amount* of Plaintiff's business personal property loss. In light of the failure of Peerless and Plaintiff to agree on the amount of loss, on March 4, 2015, Peerless' counsel sent Plaintiff's counsel a letter demanding an appraisal of the business personal property portion of the Loss, in accordance with the Policy's appraisal provisions, which provides:[3]

> **2. Appraisal**
>
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a.  Pay its chosen appraiser; and
>
> b.  Bear the other expenses of the appraisal and umpire equally.[4]

In its letter, Peerless proposed that both parties disclose their appraisers by March 30, 2015. Plaintiff's counsel sent a letter on March 9, 2015, stating that Plaintiff would not agree to participate in the appraisal process.

---

[2] *See* Pl.'s Compl., attached as Exhibit A.
[3] March 4, 2015 Letter from J. Cools to V. Leverty, attached as Exhibit B.
[4] Certified Copy of the Policy, at Building and Business Personal Property Coverage Form – Section I Property – E. Property Loss Conditions, attached as Exhibit C.

The Policy also provides that, as a condition precedent to filing suit against Peerless, Plaintiff must fully comply with all of the terms of the Policy:

> **4. Legal Action Against Us**
>
> No one may bring a legal action against us under this insurance unless:
>
> a. There has been full compliance with all of the terms of this insurance;[5]

Unless and until Plaintiff has complied with the express terms of the Policy's appraisal provision, there clearly has been no "full compliance with all of the terms of [the policy]." Here, Peerless has now demanded appraisal, but the appraisal process has not begun. The appraisal process would very likely resolve the dispute over the amount of loss and render some (or all) of Plaintiff's claims against Peerless moot.

Peerless' Motion to Dismiss should be granted because complying with the appraisal procedure is required under the Policy's terms as an express condition precedent to pursuing legal action against Peerless. Granting this Motion is in the interests of justice and will prevent a waste of judicial resources. Alternatively, and pending the results of the appraisal, the Court should stay discovery and all other proceedings in this action and compel Plaintiff's participation in the appraisal pursuant to its contractual obligations under the Policy.

## II.   Legal Standard

Dismissal is appropriate when a plaintiff's complaint fails "to state a claim upon which relief can be granted."[6] Rule 8 demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[7] To survive a motion to dismiss, the factual allegations in the complaint must be enough "to rise above the speculative level."[8] Indeed, those allegations must contain sufficient factual matter to "state a claim for relief that is plausible on its face."[9]

---

[5] *Id.*
[6] Fed. R. Civ. P. 12(b)(6).
[7] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Twombly* at 555.
[9] *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court set forth a two-step approach for district courts to follow when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint.[10] Legal conclusions couched as factual allegations, however, are not entitled to the assumption of truth.[11] Mere recitals of a cause of action, supported only by conclusory statements, are likewise insufficient to state a claim.[12] Second, a district court must consider whether those well-pled factual allegations state a plausible claim for relief.[13] A claim is facially plausible when it alleges facts that allow a court to draw a reasonable inference that a defendant is liable for the alleged misconduct.[14] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief."[15] Thus, when the claims in a complaint do not cross the line from merely conceivable to plausible, the complaint, or certain of the claims therein, must be dismissed.[16]

The court may also consider the Policy and other evidence essential to Plaintiff's claims in deciding this Motion, regardless of whether those documents are referenced in or attached to plaintiff's Complaint.[17] Consideration of an undisputed document where the plaintiff's claim depends on the contents of a document does not convert a Rule 12(b)(6) motion into a motion for summary judgment.[18] Peerless expressly requests that the Court consider the Certified Copy of the Policy, attached as Exhibit C, as essential to Plaintiff's Complaint and properly part of the Court's consideration of Peerless' Motion.

///

---

[10] *Id.* at 679.
[11] *Id.*
[12] *Id.* at 678.
[13] *Id.* at 679.
[14] *Id.* at 678.
[15] *Id.* at 679 (internal quotation marks omitted).
[16] *Twombly*, 550 U.S. at 570.
[17] *See, e.g., Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).
[18] *Id.* (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998) (holding that the district court properly considered documents attached to a motion to dismiss that described the terms of plaintiff's group health insurance plan, where plaintiff alleged membership in the plan, his claims depended on the conditions described in the documents, and plaintiff never disputed their authenticity) and *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir.2002) (taking into account newspaper article containing allegedly defamatory statement under the "incorporation by reference" doctrine where it was "central" to plaintiff's claim, defendant attached it to the motion for judgment on the pleadings, and plaintiff did not contest its authenticity)).

...

### III. Legal Argument

Nevada courts have consistently stated that they will enforce the plain and unambiguous terms of an insurance contract: "Policy terms should be viewed in the plain, ordinary, and popular connotations."[19] An insurance policy is a contract and a "court should not re-write contract provisions that are otherwise unambiguous."[20]

The District Court of Nevada has previously examined binding appraisal provisions and their effect on litigation.[21] In *Redzepagic v. CSAA General Ins. Co.*, this Court was presented with a motion to dismiss by an insurer on the basis that it had invoked the appraisal clause over the dispute as to the valuation of the insured's claim. The insurer argued that once the appraisal provision was invoked, the insured legal action was barred by the "legal action against us" clause, which provided that the insurer could not be sued "unless there is full compliance with the terms of the policy."[22] This Court agreed.

> Here, the policy terms are clear and unambiguous. The policy contains an appraisal provision that allows either the insurer or the insured to demand an appraisal of the loss and prescribes the process for appraisal. The policy also contains a "legal action against us" provision that states in relevant part: "We may not be sued unless there is full compliance with all the terms of this policy...." The policy makes no exceptions as to the source of the dispute and applies so long as the parties cannot agree on the amount of loss.[23]

This Court further considered the 9th Circuit Court's decision in *Enger v. Allstate Ins. Co.*, where the court held that "because 'full compliance with the policy terms' is a contractual prerequisite to bringing suit, [the insured] first must submit to the appraisal."[24] The appellate court further reasoned, "[u]ntil an appraisal is completed, it is impossible to know whether [the insured's]

---

[19] *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986).
[20] *Senteney v. Fire Ins. Exch.*, 707 P.2d 1149, 1150 (Nev. 1988); *see also Ellison v. California State Auto. Ass'n*, 797 P.2d 975, 977 (Nev. 1990) ("[C]ontracts will be construed from the written language and enforced as written.").
[21] *Cuadros v. State Farm Fire and Cas. Co.*, No. 2:14–CV–1247 JCM (Slip Copy), 2014 WL 7338945 at *3-4 (D. Nev. Dec. 23, 2014); *Redzepagic v. CSAA General Ins. Co.*, No. 2:14–CV–929 JCM (Slip Copy), 2014 WL 4079643 (D. Nev. Aug. 18, 2014); *Herrera v. Allstate Fire and Cas. Co.*, No. 2:13–cv–00908–MMD–PAL (Slip Copy); 2013 WL 6408490 at *2 (Dec. 6, 2013) (granting a motion to compel appraisal and staying the litigation pending resolution of the appraisal process); *see also Enger v. Allstate Ins. Co.*, No. 09–17785, 2010 WL 5423566, at *1 (9th Cir. Dec. 28, 2010) (unpublished).
[22] *Id.* at *3.
[23] *Id.*
[24] *Id.* (quoting *Enger*, 2010 WL 5423566, at *1).

- 6 -

claim in fact was undervalued, such that her claims for breach of contract, breach of the covenant of good faith and fair dealing, and [violation of the state's unfair competition code] are viable."[24] Accordingly, this Court granted the insurers motion, dismissing without prejudice all of the insured's claims, including claims for breach of contract, statutory and common law bad faith, violations of Nevada's deceptive trade practices act, unjust enrichment, and fraudulent concealment claims.[25]

In the present case, similar to the dispute in *Redzepagic*, there is a disagreement between Peerless and the Garnet as to the amount of a loss—specifically, the business personal property loss. The Policy unambiguously requires an "appraisal of the loss" if either party demands one.[26] Here, Peerless sent a written appraisal demand to the Garnet's counsel on March 4, 2015, thereby triggering the appraisal provision of the Policy.

Plaintiff's claims for relief against Peerless revolve around Plaintiff's dissatisfaction with the amount paid by Peerless in relation to the Loss.[27] Plaintiff has made no allegations directed at Peerless' interpretation or application of the Policy itself. Accordingly, Plaintiff is required by Nevada law and by the Policy to abide by the Policy's terms, including the appraisal provision. Full compliance with the Policy's appraisal provisions is a condition precedent to Plaintiff pursuing legal action in relation to a disputed amount of loss. Furthermore, the appraisal could very well resolve all matters at issue in this lawsuit between Peerless and Plaintiff, rendering Plaintiff's claims for relief against Peerless moot. Accordingly, pursuant to Rule 12(b)(6), Plaintiff's claims against Peerless should be dismissed because they fail to state a claim upon which relief can be granted.

Additionally, the Policy's "Legal Action Against Us" provision provides that no suit can be brought against Peerless unless there has been full compliance with all of the terms of the Policy. In other words, an express condition precedent to bringing claims against Peerless is Plaintiff's full compliance with the Policy. Here, if Plaintiff continues to pursue this lawsuit

---

[24] *Id.* (quoting *Enger*, 2010 WL 5423566, at *1).
[25] *Id.* at *1 & *3.
[26] *See* Policy.
[27] *See* Pl.'s Compl. ¶¶ 14-16, 18, 29, 34 & 41.

without first complying with the Policy's appraisal provision, Plaintiff will be in breach of a condition precedent of the Policy. Thus, Peerless is entitled to have Plaintiff's claims for relief against Peerless dismissed for failure to state a claim upon which relief can be granted.[28]

Alternatively, in the event the Court finds that the required appraisal would not moot Plaintiff's claims for relief against Peerless, Peerless still is entitled to have the appraisal provisions enforced in order to resolve the amount of loss. As explained *supra*, Plaintiff's compliance with the appraisal provisions is a condition precedent to pursuing legal action over a disputed amount of loss, and allowing court proceedings to parallel the required appraisal would result in wasted judicial resources from duplicative efforts. In the event its Motion to Dismiss is not granted, Peerless alternatively requests that the Court stay all proceedings, including discovery, pending the results of the appraisal, and compel Plaintiff to abide by the appraisal provisions as required by the Policy.

### IV.   Conclusion

The clear and unambiguous terms of the Policy require Plaintiff's compliance with the appraisal process. Any prosecution of Plaintiff's case prior to the conclusion of the appraisal process is barred by the Policy and Nevada law. Further, the appraisal process moots Plaintiff's claims. Accordingly, until Plaintiff complies with the conditions precedent to making a claim against Peerless, Plaintiff cannot state a claim for relief and this case should be dismissed or, alternatively, the Court should stay all proceedings and compel appraisal. For these reasons, Peerless respectfully requests that the Court grant its Motion.

DATED this 9th day of March, 2015.

SNELL & WILMER L.L.P.

By: /s/ Joshua D. Cools
Amy M. Samberg, Nevada Bar No. 10212
Joshua D. Cools, Nevada Bar No. 11941
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

Attorneys for Defendant
PEERLESS INDEMNITY
INSURANCE COMPANY

---

[28] *See* Fed. R. Civ. P. 12(b)(6).

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT PEERLESS INDEMNITY INSURANCE COMPANY'S MOTION TO DISMISS** by the method indicated below:

| | | |
|---|---|---|
| XXXXX  Electronic Service (CM/ECF) | _____ | Federal Express |
| _____  U.S. Mail | _____ | U.S. Certified Mail |
| _____  Facsimile Transmission | _____ | Hand Delivery |
| _____  Email Transmission | _____ | Overnight Mail |

and addressed to the following:

Vernon E. Leverty, Esq.
Nevada Bar No. 1266
Patrick R. Leverty, Esq.
Nevada Bar No. 8840
LEVERTY & ASSOCIATES LAW CHTD.
832 Willow Street
Reno, NV 89502
Telephone: (775) 322-6636
Facsimile: (775) 322-3953
Attorneys for Plaintiff
Community Owned Merchantile Project, Inc.
aka Garnet Mercantile

DATED this 9th day of March, 2015.

/s/ *(signature)*
An Employee of Snell & Wilmer L.L.P.

21076353