1  Vernon E. Leverty, NV Bar No. 1266
Patrick R. Leverty, NV Bar No. 8840
2  LEVERTY & ASSOCIATES LAW CHTD.
832 Willow Street
3  Reno, NV 89502
Telephone: (775) 322-6636
4  Attorneys for Plaintiff
Community Owned Mercantile Project, Inc.
5  aka Garnet Mercantile

6                   **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF NEVADA**

8  COMMUNITY OWNED MERCANTILE              CASE NO. 3:15-cv-00134-LRH-WGC
   PROJECT, INC. aka  GARNET
9  MERCANTILE

10                   Plaintiff,            **PLAINTIFF'S OPPOSITION TO**
                                           **DEFENDANT PEERLESS INDEMNITY**
11       vs.                               **INSURANCE COMPANY'S MOTION**
                                           **TO DISMISS**
12  PEERLESS INDEMNITY INSURANCE
    COMPANY, a New Hampshire Corporation;
13  DOES I-XXX; and ABC CORPORATIONS
    A-Z; inclusive,
14
                     Defendants.
15  _____/

16       Plaintiff Community Owned Mercantile Project, Inc. aka Garnet Mercantile ("Garnet

17  Mercantile"), by and through its counsel of record Leverty & Associates Law Chtd., hereby

18  oppose Defendant Peerless Indemnity Insurance Company's motion to dismiss. This Opposition

19  is made and based on the papers and pleadings on file herein, the following Memorandum of

20  Points and Authorities and any oral argument the Court may entertain.

21       DATED: This  23rd  day of March, 2015.

22                                         **LEVERTY & ASSOCIATES LAW CHTD.**

23                                          /S/ *Patrick Leverty*
                                           Vernon E. Leverty, Esq., NV Bar No. 1266
24                                         Patrick R. Leverty, Esq., NV Bar No. 8840
                                           832 Willow Street
25                                         Reno, Nevada 89502
                                           Ph: (775) 322-6636 • Fax: (775) 322-3953
26                                         Attorneys for Plaintiff Garnet Mercantile

27

28

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I. INTRODUCTION

3     Peerless Indemnity Insurance Company ("Peerless Indemnity") requests the court dismiss

4    this lawsuit because of Garnet Mercantile's alleged failure to comply with all policy terms.

5    Peerless is wrong. Garnet Mercantile complied with all policy terms that explicitly required

6    compliance prior to bringing this lawsuit. The appraisal provision is *optional*. Either party *may*

7    invoke it. For over two years after the loss, neither party chose to invoke the *optional* appraisal

8    provision. Prior to filing the lawsuit neither party demanded appraisal. There is no basis to

9    dismiss this lawsuit.

10    Peerless Indemnity's attempt to manufacture non-compliance with the policy terms by

11    demanding appraisal **after** Garnet Mercantile properly filed the lawsuit and **after** the two year

12    suit limitation expired must be rejected. Garnet Mercantile would be severely prejudiced if the

13    court dismisses this lawsuit based on Peerless Indemnity's belated demand for appraisal. The

14    Policy has a two year suit limitation provision that states any lawsuit against Peerless Indemnity

15    must be filed within two years of the loss. Just before that two year limitation expired, Garnet

16    Mercantile timely filed this lawsuit. A dismissal based on Peerless Indemnity's belated demand

17    for appraisal would severely prejudice Garnet Mercantile's rights because it would vitiate Garnet

18    Mercantile's constitutional rights to a trial by jury.

19    Furthermore, an appraisal will not resolve the parties' dispute. Garnet Mercantile

20    contends Peerless Indemnity breached the contract and acted in bad faith when it failed to fully

21    evaluate the loss. An insurance company is required to fully and completely evaluate the loss. In

22    violation of that undisputed standard, Peerless Indemnity did not put an amount on all the

23    damaged stock. Peerless Indemnity's belated demand for appraisal is a classic example of an

24    insurance company shirking its duty to investigate a claim and instead foisting the cost of an

25    investigation onto the insured.

26    The appraisal provision in Peerless Indemnity's policy is extremely narrow. It only allows

27    for appraisal when the parties' dispute the value of an item.  In this case, the parties' dispute does

28    not center on the value(s) Peerless Indemnity put on any item(s). Rather, the dispute centers on

1

1   how Peerless Indemnity utterly failed to fulfill its duty and obligation of conducting a full and

2   fair investigation and evaluation of the loss. Appraisal is <u>not</u> an appropriate forum to resolve the

3   dispute. This is especially true when a Plaintiff has claims for bad faith and violations of Nevada

4   Unfair Claims Practices Act, which are clearly and unequivocally <u>not</u> subject to appraisal. At a

5   minimum, the Court must deny the stay pending any appraisal as any further delay severely

6   prejudices Garnet Mercantile.

7   **II.      ISSUES PRESENTED**

8           1.      Was Garnet Mercantile in full compliance with the essential Policy terms when it

9   brought the lawsuit?

10          2.      Can the Court consider Peerless Indemnity's demand for appraisal on a motion to

11  dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6)?

12          3.      Does Peerless Indemnity's alternative request to stay all proceedings and to

13  compel appraisal violate District of Nevada Special Order 109(III)(F)(4)?

14          4.      Did Peerless Indemnity waive the right to demand an appraisal?

15          5.      Can Garnet Mercantile's breach of contract claim be resolved by an appraisal?

16          6.      Would the very narrow appraisal provision resolve Garnet Mercantile's bad faith

17  and violations of Nevada's Unfair Claims Practices Act causes of action?

18          7.      Is Peerless Indemnity entitled to further delay the proceedings with a stay?

19  **III.     FACTUAL AND PROCEDURAL HISTORY**

20          On or about January 16, 2013, Garnet Mercantile's business, located at 363 Aultman

21  Street, Ely, Nevada, suffered water damage due to freezing that severely damaged the business

22  inventory. Complaint at ¶8. Garnet Mercantile timely notified Peerless Indemnity of the loss. *Id.*

23  at ¶11.

24          Peerless Indemnity opened up claim number 705124500. *Id.* at ¶12. Garnet Mercantile

25  performed all tasks required of it. *Id.* at ¶13. Peerless Indemnity determined the value of the

26  damaged property. Mtn at 2:26-27. Peerless Indemnity paid Garnet Mercantile the amount it

27  valued the damaged property. Complaint at ¶14.

28          There is <u>no</u> dispute between the parties as to the value Peerless Indemnity put on the

2

1   damaged property it evaluated. Garnet Mercantile's and Peerless Indemnity's dispute concerns

2   the **scope** of the loss. "Following Peerless' payment, Plaintiff purchased replacement stock, but

3   was only able to fill ½ of the store." Mtn (Doc 5) at 2:27-3:1. Garnet Mercantile then notified

4   Peerless that it failed to account for "additional stock" that was present at the time of the loss. *Id.*

5   at 3:1-3:3. On November 8, 2014, Garnet Mercantile sent a letter to Peerless Indemnity regarding

6   the scope of the loss and how Peerless Indemnity failed to account for the additional stock.

7   Complaint at ¶16. Peerless Indemnity never responded to that letter. *Id.*[1]

8       On January 15, 2015, Garnet Mercantile filed a complaint in Nevada State Court against

9   Peerless Indemnity. *See* Exh. A to Doc 5. The policy Peerless Indemnity issued to Garnet

10  Mercantile contains a two-year suit limitation period that requires Garnet Mercantile file any

11  lawsuit within two years of the date of the loss. Complaint at ¶17. That provision provides:

12      **4.  Legal Action Against Us**

13      No one may bring a legal action against us under this insurance unless:

14      **a.** There has been full compliance with all of the terms of this insurance;
        and

15      **b.** The action is brought within 2 years after the date on which the direct
        physical loss or damage occurred.

16

17  Exh. C to Doc 5 at PEERLESS-GARNET MERCANTILE 000066 (emphasis added). Garnet

18  Mercantile's complaint was filed within the two-year suit limitation provision.  At the time the

19  legal action was commenced against Peerless Indemnity, Garnet Mercantile was in full

20  compliance with all of the terms of the insurance policy.

21      On March 2, 2015, Peerless Indemnity removed this case to the United Stated District

22

23  ────────────────────────

    [1] Peerless Indemnity's delay constitutes unfair "claims settlement practices" under Nevada law and a breach
    of the covenant of good faith and fair dealing as set forth in Garnet Mercantile's second and third causes of action.
24  Both of those claims are not subject to the "appraisal" clause of the policy.
        Peerless Indemnity demanding appraisal after the expiration of the two year suit limitation is evidence of its
25  continuing breach its duty of good faith and fair dealing. *See White v. Western Title Insurance Co.*, 40 Cal. 3d 870,
    710 P.2d 309, 320-321, 221 Cal. Rptr. 509 (1985) (Grodin, J., concurring) ("Where an insurer has unreasonably and
    in bad faith withheld payment of benefits due under a policy prior to litigation, and then continues this bad faith
26  conduct after a complaint is filed, there seems to be no compelling reason why the right to recover for that continuing
    wrong should terminate . . . because the insured, under the compulsion of the insurer's recalcitrance, decides to file
27  suit himself."); *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512 (Ky. 2006) (holding a filing of a complaint did not
    terminate an insurers duties and obligations to the insured) and *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186, 199 (La.
28  2008) (finding the duty of good faith and fair dealing continues through the litigation process).

Loverty & Associates Law
CHARTERED
ATTORNEYS AND COUNSELORS AT LAW
"Reno Peak House"
832 WILLOW STREET
RENO, NEVADA 89502

1  Court. On March 9, 2015, Peerless Indemnity filed a motion to dismiss claiming Garnet

2  Mercantile did not comply with the "Legal Action Against Us" provision. Peerless Indemnity

3  claims Garnet Mercantile did not comply with all Policy terms because it did not participate in

4  appraisal prior to filing the lawsuit. The *optional* appraisal provision provides:

5    **2. Appraisal**

6    If we and you disagree on the amount of loss, either **may** make written demand
for an appraisal of the loss. **In this event**, each party will select a competent

7    and impartial appraiser. The two appraisers will select an umpire. If they
cannot agree, either may request that selection be made by a judge of a court

8    having jurisdiction. The appraisers will state separately the amount of loss. If
they fail to agree, they will submit their differences to the umpire. A decision

9    agreed to by any two will be binding. Each party will:

10    **a.**    Pay its chosen appraiser; and

11    **b.**    Bear the other expenses of the appraisal and umpire equally.

12    **If** there is an appraisal, we will still retain our right to deny the claim.

13  Exh. C to Doc 5 at PEERLESS-GARNET MERCANTILE 000066 (**emphasis added**).[2]

14    Since appraisal is *optional* it is not something an insured is required to comply with prior

15  to filing suit. Therefore, Plaintiff's lawsuit was properly filed and the Court cannot dismiss the

16  case based upon the alleged failure to comply with the "Legal Action Against Us" provision.

17  **IV.    LEGAL ARGUMENT**

18    **A.    The Court Cannot Dismiss this Case Based on the "Legal Action Against Us"
Provision**.

19

20    Peerless Indemnity contends Garnet Mercantile has not complied with all terms of the

21  Policy and so the Policy's "Legal Action Against Us" provision dictates this case be dismissed.

22  To that end, Peerless Indemnity claims "compliance with the Policy's appraisal provision is a

23  condition precedent to Plaintiff pursuing legal action." Doc 5 at 7:16-17(emphasis added).

24  Peerless Indemnity then claims "if Plaintiff continues to pursue this lawsuit without first

25  complying with the Policy's appraisal provision, Plaintiff will be in breach of a condition

26  precedent of the Policy." *Id.* at 7:25-8:1 (emphasis added). Peerless Indemnity conveniently

27

28    [2] The emphasized language clearly conveys that the appraisal process is *optional* (i.e. not mandatory) and
therefore **not** a condition precedent to filing a lawsuit.

Loverly & Associates Law
CHARTERED
ATTORNEYS AND COUNSELORS AT LAW
"Reno Beach House"
832 WILLOW STREET
RENO, NEVADA 89502

1   misreads its own policy.

2       The language in an insurance policy is viewed in its plain, ordinary and popular meaning.

3   *American Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 102 Nev. 601, 604 (1986); *Nat'l Union*

4   *Fire Ins. Co. of State of Pa., Inc. v. Reno's Executive Air, Inc.*, 100 Nev. 360 (1984).

5       Peerless Indemnity's appraisal provision, provides in pertinent part, "If we and you

6   disagree on the amount of loss, either **may** make written demand for an appraisal of the loss."

7   Exh. C to Doc 5 at PEERLESS-GARNET MERCANTILE 000066 (**emphasis added**).

8       Appraisal under the Policy is *optional* and thus <u>not</u> a condition precedent to bringing a

9   lawsuit. If Peerless Indemnity had wanted appraisal to be a condition precedent to filing suit it

10   could have explicitly stated that. *See Pasillas v. HSBC Bank USA*, 127 Nev. Adv. Rep. 39, 255

11   P.3d 1281, 1285 (2011) (stating the use of the word "shall" or "must" indicates a mandatory

12   duty). Instead, Peerless Indemnity used the term "may" making appraisal optional.  The "word

13   'may' usually is employed to imply permissive, optional or discretional, and not mandatory

14   action or conduct." *State ex rel. Secretary of Social & Rehabilitation Services v. Jackson,* 249

15   Kan. 635, 642 (Kan. 1991). Therefore, the Policy does <u>not</u> explicitly make compliance with

16   appraisal a condition precedent to bringing a lawsuit. *See Las Vegas Metro. Police Dep't v.*

17   *Coregis Ins. Co.,* 127 Nev. Adv. Rep. 47, 256 P.3d 958, 962 (2011) ("When an insurance policy

18   explicitly makes compliance with a term in the policy a condition precedent to coverage, the

19   insured has the burden of establishing that it complied with that term."). At a minimum, the

20   Policy is ambiguous as to whether appraisal is required before filing suit and all doubts must be

21   construed in favor of the insured. *Insurance Corp. of America v. Rubin*, 107 Nev. 610, 616, 818

22   P.2d 389, 392 (1991) (The insurer is in complete control of the language of the policy and all

23   doubt or ambiguity is construed against the insurer and in favor of the unknowing consumer).

24       In stark contrast to the *optional* appraisal provision in the Policy, appraisal was

25   **mandatory** in the cases Peerless Indemnity relies upon in its motion to dismiss the case. *See* Doc

26   5 at 6:6-7:6 and FN 21-25. In *Cuadros v. State Farm Fire & Cas. Co.*, 2014 U.S. Dist. LEXIS

27   177172, *2 (Dec. 23, 2014), the Court made it clear that it viewed the appraisal provision as

28   mandatory, writing "Plaintiff's policy includes a **mandatory** appraisal provision ..." *See also*

5

1  *Herrera v. Allstate Fire Cas. Co.*, 2013 U.S. Dist. LEXIS 174184 (Dec. 6, 2013).[3] In *Enger v.*

2  *Allstate Ins. Co.*, 407 Fed. Appx. 191 (9th Cir. 2010), the Ninth Circuit considered the appraisal

3  provision that was taken from the statutory standard form, Cal. Ins. Code § 2071(a). That

4  California Code provision provides that appraisal is **mandatory**: "In case the insured and this

5  company **shall** fail to agree as to the actual cash value or the amount of loss, then, on the written

6  request of either, each **shall** select a competent and disinterested appraiser and notify the other of

7  the appraiser selected within 20 days of the request." It is unclear from the text of the *Redzepagic*

8  *v. CSAA Gen. Ins. Co.*, 2014 U.S. Dist. LEXIS 114349 (Aug. 18, 2014) decision whether the

9  appraisal provision was mandatory or not. From the text of that decision, however, it is clear the

10  *Redzepagic* Court followed the decision in *Enger v. Allstate* with<u>out</u> regard to the language of the

11  policy at issue, which is improper.[4]

12       Courts refuse to dismiss lawsuits based on the "Legal Action Against Us" provision when

13  compliance with a policy term, like the *optional* appraisal provision in this Policy, is <u>not</u>

14  essential. The Court in *Enyart v. Nationwide Mut. Ins. Co.*, 1994 Ohio App. LEXIS 5640, 11

15  (Ohio Ct. App., Cuyahoga County Dec. 15, 1994) refused to dismiss the lawsuit under the "legal

16  action against us" provision when an arbitration provision was *optional*:

17       Lastly, ... this court concludes that the policy grants the parties the right to
seek arbitration, <u>but does not mandate that they do so.</u> The subject policy provides

18  simply that "No legal action may be brought against us concerning this policy
unless the insured has fully complied with all its terms," then sets forth an

19  arbitration procedure which either party **may** invoke, and various procedural rules.
<u>Under no fair interpretation can this be deemed to constitute a mandatory</u>

20  <u>arbitration procedure which is to be pursued in the event of a dispute between the</u>
<u>parties.</u>

21  (emphasis added).

22       In *Phoenix Indem. Co. v. Zinn*, 281 P.2d 1065 (Kan. 1955), the Kansas Supreme Court

23  _____

24      [3] The Court in *Herrera v. Allstate Fire Cas. Co.*, 2013 U.S. Dist. LEXIS 174184 (Dec. 6, 2013) did <u>not</u>
dismiss the case based on the appraisal provision. Instead the Court granted the separately filed motion to compel

25  arbitration.

26      [4] Under Nevada law, an insurance policy is a contract that must be enforced according to its terms to
accomplish the intent of the parties. *Farmers Ins. Exch. v. Neal*, 119 Nev. 62, 64 P.3d 472, 473 (2003). It is

27  improper for a Court to <u>not</u> consider the language of the insurance policy at issue. *See Powell v. Liberty Mut. Fire
Ins. Co.*, 127 Nev. __, __, 252 P.3d 688 (2011) (overturning trial court's grant of summary judgment because the
trial court did <u>not</u> consider the language of the Liberty Mutual policy but instead relied on a decision construing a

28  State Farm policy).

1  concluded the trial court correctly determined the appraisal provision did <u>not</u> create a condition

2  precedent to an action by the insured on the policy. The Kansas Supreme Court found it could <u>not</u>

3  conclude the appraisal provision "created a condition precedent to an action by the insured on the

4  policy. *Id.* at 1069. The Court further wrote, "The language contained therein is clear,

5  unequivocal, unambiguous and plain. Something would have to be read into this paragraph to

6  make it a condition precedent, which the trial court did not do, and we do not feel constrained so

7  to do since no authority therefor has been cited, nor are we able to find any." *Id.*; s*ee also*

8  *Bombardier Corp. v. AMTRAK*, 298 F. Supp. 2d 1, 5 (D.D.C. 2002).[5]

9        Garnet Mercantile complied with all policy terms that explicitly required compliance

10  prior to filing its complaint. Appraisal is *optional*. Appraisal is <u>not</u> a condition precedent to filing

11  a lawsuit. Accordingly, there is no ground to dismiss this lawsuit based on the "Legal Action

12  Against Us" provision.

**B.    The Court Cannot Consider Peerless Indemnity's Demand for Appraisal In Deciding the Motion to Dismiss**.

13

14        Peerless Indemnity's motion to dismiss is brought pursuant to Fed. R. Civ. Pro. 12(b)(6).

15  *See* Doc 5 at 4:19-5:12. In addressing a motion to dismiss brought pursuant to Fed. R. Civ. Pro.

16  12(b)(6), a court may consider documents attached to the complaint, documents incorporated by

17  reference in the complaint, or matters of judicial notice. *United States v. Ritchie*, 342 F3d 903,

18  908 (9th Cir. 2003). "Even if the document is not attached to a complaint, it may be incorporated

19  by reference into a complaint if the plaintiff refers extensively to the document or the document

20  forms the basis for plaintiff's claim ... for example, when a plaintiff's claim about insurance

21  coverage is based on the contents of a coverage plan ..." *Id.*

22

23        [5] In *Bombardier Corp. v. AMTRAK*, 298 F. Supp. 2d 1, 5 (D.D.C. 2002), the Court concluded the Plaintiff

24  was free to pursue its claims in court when the dispute resolution process called for in the contract was *optional:*
       <u>Not only does the Contract fail to clearly and unambiguously state that dispute resolution is a condition

25     precedent to litigation, it contains two provisions that arguably make the parties' participation in dispute resolution optional, not mandatory.</u> In Article 29.3, the Contract states that if the Contractor -- Bombardier --

26     disagrees with either the COR's or COTR's decision, the Contractor "**may** pursue the Claim in accordance with
       … Article 32," the dispute resolution procedures. Article 29.3 [ ] . . . <u>By using the words "**may**," and "or," the

27     Contract suggests that the Contractor may permissibly choose not to engage in the dispute resolution procedures of Article 32.</u> Construed together, it appears that <u>the Contractor is free to pursue its claims in court, without first engaging in dispute resolution under Article 32</u>, once it has submitted its Claims to the COR or COTR.

28  (emphasis added).

7

1   Peerless Indemnity <u>never</u> moved the court to consider the demand for appraisal.[6] Peerless

2   Indemnity's failure is likely because it recognizes there is <u>no</u> basis for the court to consider its

3   belated demand for appraisal on a motion to dismiss brought pursuant to Fed. R. Civ. Pro.

4   12(b)(6). The demand for appraisal was <u>not</u> attached to the complaint and was <u>not</u> referenced in

5   the complaint because there had been <u>no</u> demand for appraisal prior to Garnet Mercantile filing

6   the complaint. Furthermore, the demand is <u>not</u> a judicially noticeable adjudicative fact. *See*

7   *Cuadros v. State Farm Fire & Cas. Co.*, 2014 U.S. Dist. LEXIS 177172, \*7 (Dec. 23, 2014)

8   (finding the court could not take judicial notice of the letter). Lastly, Garnet Mercantile disputes

9   that Peerless Indemnity properly invoked its appraisal rights. *See* Section IV.D. Waiver, below.

10   Accordingly, the Court cannot consider the demand for appraisal in considering Peerless

11   Indemnity's motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6).

12   **C.    Peerless Indemnity's Alternative Request to Stay Proceedings and to Compel Appraisal Violates District of Nevada Special Order 109(III)(F)(4).**

13   District of Nevada Special Order 109(III)(F)(4) mandates a separate document be filed on

14   the docket for each purpose. Peerless Indemnity filed a motion to dismiss as Docket No. 5.

15   Peerless Indemnity <u>never</u> filed a motion to compel appraisal and to stay all proceedings as a

16   separate document. Therefore, the court cannot entertain Peerless Indemnity's motion to compel

17   appraisal because it is <u>not</u> properly before the court.

18   **D.    Peerless Indemnity Waived the Right to Demand Appraisal**.

19   "In the law of insurance waiver is defined as the giving up of a known privilege or

20   power." *Violin v. Fireman's Fund Ins. Co.*, 81 Nev. 456, 462, 406 P.2d 287 (1965). Under

21   Nevada law, a "waiver is an intentional relinquishment of a known right. In order to be effective,

22   a waiver must occur with full knowledge of all material facts." *Thompson v. City of North Las*

23   *Vegas*, 108 Nev. 435, 833 P.2d 1132, 1134 (1992). A waiver "may be express or implied from

24   circumstances." *Violin*, supra. 81 Nev. at 462.

25   The Policy issued by Peerless Indemnity to Garnet Mercantile contains a suit limitation

26

27   ⁶ Peerless Indemnity did request the court consider the Certified Copy of the Policy. Mtn., Doc 5, at 5:17-19. Plaintiffs acknowledge the Policy was referenced in the complaint and therefore it can be considered by the

28   Court. Peerless Indemnity, however, did <u>not</u> move the court to consider the demand for appraisal.

Loverly & Associates Law
CHARTERED
ATTORNEYS AND COUNSELORS AT LAW
"Reno Beach House"
832 WILLOW STREET
RENO, NEVADA 89502

1  provision that requires a lawsuit be initiated within two years of the loss. *See* Exhibit 3 to Doc 5

2  at PEERLESS-GARNET MERCANTILE 000066. The loss occurred on January 16, 2013. *See*

3  Exh. A to Doc 5.  Peerless Indemnity did <u>not</u> demand appraisal until March 4, 2015, almost two

4  months <u>after</u> the expiration of the two year suit limitation. Peerless Indemnity waived appraisal

5  by <u>not</u> demanding appraisal within the Policy's two year suit limitation period.

6        In *Keesling v. Western Fire Ins. Co. of Fort Scott Kan*., 10 Wn. App. 841, 520 P.2d 622

7  (Wash. App. 1974) the court explained that "[w]hether a demand for appraisal has been made

8  within a reasonable time depends upon the circumstances of the case . . . [including the two main

9  factors of] prejudice resulting from the delay, and the breakdown of good-faith negotiations

10  concerning the amount of loss." *Id.* at 628. In that case, only eight months had passed since the

11  date of loss, thus the court found the request for appraisal had been timely made. By contrast, the

12  request for appraisal in the current case was made over two years from the date of loss, and <u>after</u>

13  the two year suit limitation had expired. Therefore, Plaintiff would be extremely prejudiced by a

14  dismissal based on the belated demand for appraisal as a lawsuit filed after appraisal would be

15  beyond the suit limitation provision.

16        In *Johnson v. Mut. Serv. Cas. Ins. Co.*, 732 N.W.2d 340, 346 (Minn. Ct. App. 2007), a

17  demand for appraisal was found to be barred by the policy's two year suit limitation. The trial

18  court denied the insured's motion to compel appraisal because the insured did not demand

19  appraisal until <u>after</u> the policy's suit limitation had expired. The insured's property was damaged

20  by fire and the insured and insurer disputed the amount of the loss. The policy contained an

21  appraisal clause <u>and</u> a two-year limitations period. The insured demanded appraisal <u>after</u> the

22  limitation period. The trial court concluded the demand for appraisal was barred by the policy's

23  two year suit limitations period. On appeal, the Minnesota Appellate Court affirmed the trial

24  court's decision, concluding that where the statute of limitations had run on any claim under the

25  policy, forcing the parties to submit to an appraisal would be futile. *See also School Dist. No. 1 v.*

26  *Globe & Republic Ins. Co.,* 146 Mont. 208, 404 P.2d 889, 893 (Mont. 1965) (in *dicta* that Court

27  wrote "the policies necessarily contemplate a demand within a year after loss is incurred by

28  requiring that a suit upon the policy be brought within that period" and that the one-year suit

1   limitation period in the policies at issue "serves to reveal the parties' intent concerning the period

2   within which appraisal may be requested.").

3        In *Meineke v. Twin City Fire Ins. Co.,*181 Ariz. 576, 892 P.2d 1365 (Ariz. Ct. App. 1994)

4   the Court analyzed whether the insurance company waived the right to appraisal. The court found

5   that an appraisal is waived if <u>not</u> requested within the policy's one year suit limitation provision:

6         The failure of one party to demand arbitration within one year would prejudice the
          other party's right to file a timely lawsuit. Whether delay in demanding arbitration
7         results in prejudice to the other party is a major concern in determining waiver.
          If we held that a timely appraisal demand could be made after one year in the
8         circumstances of this case we would encourage insurance companies to lure or lull
          insureds past the timely filing date for a lawsuit whereupon the insured would be
9         forced to rely upon the appraisal procedure for redress when the policy clearly
          indicates appraisal is voluntary.
10
    892 P.2d at 1371.[7]
11
         The record demonstrates Peerless Indemnity waived appraisal. On November 8, 2014,
12
    Garnet Mercantile wrote to Peerless Indemnity about how it failed to account for all the damaged
13
    personal property. Complaint at ¶16. Nevada law mandates Peerless Indemnity promptly respond
14
    to its insured's communications. NRS 686A.310(1)(b) provides that it is an unfair practice for an
15
    insurer to fail "to acknowledge and act reasonably promptly upon communications with respect
16
    to claims arising under insurance policies." NAC 686A.665(3) states that an insurer <u>must</u> reply
17
    within 20 working days to any communication from an insured "if the communication reasonably
18
    suggests that a response is expected." Despite being legally required to respond to Garnet
19
    Mercantile's November 8, 2014, letter, Peerless Indemnity <u>never</u> responded and <u>never</u> demanded
20
    appraisal. Complaint at ¶16.
21
         During that time period, Peerless Indemnity also failed to inform Garnet Mercantile about
22
    the looming expiration of the two year limitation period in violation of Nevada law. NAC
23
    686A.675(5) provides, "Insurers may not delay settlement of a claim directly with a claimant
24
    who is not an attorney or represented by an attorney by extending negotiations until the
25

26

27   [7] *See also Lynch v. American Family Mut. Ins. Co.*, 163 Wis. 2d 1003, 473 N.W.2d 515 (Wis. Ct. App.
     1991) (holding that, "absent a policy provision to the contrary, an insurance company may not demand an appraisal
     of a loss after the commencement of an action by the insured on that loss when the insurance company failed to
28   demand the appraisal prior to the lawsuit even though it had an opportunity to do so").

1  claimant's rights may be affected by a statute of limitations or a time limit which is part of an

2  insurance contract or policy, without giving the claimant written notice that the time limit may be

3  expiring and may affect the claimant's rights. <u>Notice must be given 60 days before the date on</u>

4  <u>which a time limit may expire.</u>" (Emphasis added). Peerless Indemnity's blatant violations of

5  Nevada law should <u>not</u> be rewarded.

6          Facing the looming two year suit limitation and without Peerless Indemnity demanding

7  the *voluntary* appraisal, Garnet Mercantile had only one option - file this lawsuit.  Peerless

8  Indemnity's request to dismiss this lawsuit based on its demand for appraisal <u>after</u> the two year

9  suit limitation expired would severely prejudice Garnet Mercantile.  "Prejudice to a party may

10  arise in a number of ways that demonstrate harm to a party's legal rights or financial position."

11  *See e.g. In Re Universal Underwriters of Texas*, 345 S.W.2d 404, 411-12 (Tex. 2011) (defining

12  prejudice for purposes of waiver of arbitration as inherent unfairness in terms of delay, expense,

13  or damage to a parties legal or financial position). *See also Annot. Failure of Attempted*

14  *Appraisal Under Policy of Insurance As Affecting Rights and Remedies of Parties*, 94 A.LR. 499,

15  p. 13(sup. 2013)("Both parties have a duty regarding an appraisal as a condition of litigation to

16  act in good faith and make a fair effort to carry out the agreement to accomplish its object and

17  failure to do so through the fault of the insurer abrogates that requirements and the insured is

18  absolved from compliance"). Dismissal would vitiate Garnet Mercantile's legal position as it

19  would not be able to bring suit because of the two year suit limitation period. Peerless

20  Indemnity's belated demand for appraisal is an affront to Garnet Mercantile's constitutional

21  rights to a jury trial.

22          E.      **The Parties' Dispute Does Not Concern the Value of the Items Peerless**
                    **Indemnity Actually Evaluated.**
23
        Peerless Indemnity failed to evaluate **all** the damaged and/or destroyed items. When told
24
   about its failure to evaluate all the stock, Peerless Indemnity did <u>not</u> respond even though Nevada
25
   law mandates a response. *See* NRS 686A.310(1)(b); NAC 686A.665(3) and NAC 686A.675(5).
26
   <u>After</u> Garnet Mercantile filed this lawsuit, Peerless Indemnity belatedly demanded appraisal.
27
   The determination of whether Peerless Indemnity failed to evaluate all the damaged business
28

1  property is outside the scope of appraisal.

2        Peerless Indemnity has the burden to establish the appraisal provision applies in

3  instances, such as this, when the insurance company does not do a full and complete

4  investigation and therefore fails to evaluate all the damaged property. *See Intel Corp. v. Hartford*

5  *Accident & Indem. Co.,* 952 F2d 1551 (9th Cir. 1991).

6        Peerless Indemnity is in complete control of the insurance contract, including the

7  appraisal provision. *Insurance Corp. of Am. v. Rubin*, 107 Nev. 610, 616 (1991). For that reason,

8  when there is doubt as to the meaning of a term, all doubts are construed against Peerless

9  Indemnity and in favor of the Garnet Mercantile. *Id.* An ambiguity exists when a policy term is

10  subject to two reasonable interpretations. Any ambiguity in the terms of an insurance contract

11  shall be resolved in favor of the insured and against the insurer. *Nat'l Union Fire Ins. Co. of*

12  *State of Pa., Inc. v. Reno's Executive Air, Inc.*, 100 Nev. 360, 365, 682 P.2d 1380 (1984). All

13  doubts must be construed in favor of finding the appraisal provision does <u>not</u> apply in this

14  instance.

15        The appraisal provision written by Peerless Indemnity does <u>not</u> clearly provide that the

16  insurance company can demand appraisal after it failed to evaluate all the damaged property.

17  Peerless Indemnity's appraisal provision is very narrow. The <u>*optional*</u> appraisal provision

18  provides, in pertinent part: "If we and you disagree on **the amount of loss**, either may make

19  written demand for an appraisal of the loss." (Emphasis added). The Policy does <u>not</u> define the

20  term "loss." The policy also does <u>not</u> define the phrase "the amount of loss."

21        Peerless Indemnity's interpretation of its appraisal provision is that it can fail to do any

22  investigation whatsoever and then put an arbitrary value on the damaged or lost property. Then,

23  after the insured disputes that arbitrary value, Peerless Indemnity could demand appraisal and

24  have the insured pay the cost of doing a property investigation. Such a scenario flips how claims

25  are supposed to be handled on its head. An insurance company has the duty and obligation to

26  investigate and evaluate the claim. An insurance company cannot escape that duty, as Peerless

27  Indemnity attempts to do here, by demanding appraisal. Peerless Indemnity's interpretation of its

28  appraisal provision is unreasonable.

1    A more reasonable interpretation is that appraisal can be demanded *only* when the parties

2  dispute the value put on an item. For instance, the insurance company states the value of a totaled

3  vehicle is $15,000 and the insured believes the value to be $20,000. In that instance, an appraisal

4  would allow both parties to select an appraiser to put a value on the vehicle. The Policy's

5  appraisal provision does not allow an insurer to request an appraisal to make-up for its failure to

6  conduct a proper evaluation in the first instance.

7         **F.     Plaintiff's Causes of Action for Bad Faith and Violation of Nevada's Unfair
                    Claims Practices Act Are Outside the Scope of Appraisal**.
8

9         Peerless Indemnity cannot require Garnet Mercantile to appraise disputes that are outside

10  the scope of the appraisal provision. In *St. Paul Fire & Marine Ins. Co. v. Wright*, 97 Nev. 308,

11  629 P.2d 1202 (1981) the Nevada Supreme Court observed that appraisals in insurance contracts

12  are dissimilar from true arbitration agreements, in that appraisers have more limited powers, and

13  their decisions do not encompass disposition of an entire controversy, but are confined to

14  resolution of the specific issues identified in the appraisal provision.

15         Contrary to arbitration, where the arbitrator is frequently given "broad powers,
           appraisers generally have more limited powers." (Emphasis in original.) *Jefferson*
16         *Ins. Co. of N Y. v. Superior Court*, 3 Cal.3d 398, 90 Cal.Rptr. 608, 611, 475 P.2d
           880, 883 ( 1970). An appraiser's power generally does not "encompass the
17         disposition of the entire controversy between the parties ..."

18  Id. at 310.

19         *See also Miller v. USAA Casualty Insurance Co.*, 44 P.3d 663 (Utah 2002):

20         Although appraisals may be used as another form of alternative dispute resolution,
           it is not arbitration .... An appraisal is an informal, independent investigation
21         conducted by individuals who "base their decisions on their own knowledge."
           Teachworth, 898 F.2d at 1062. An appraisal is conducted "without hearing or
22         judicial inquiry." 6 C.J.S. Arbitration§ 3 (1975). In addition, unlike arbitration,
           "appraisal ordinarily settles only a subsidiary or incidental matter rather than the
           main controversy as does an arbitration award." Id.
23
           In *Miller v. USAA*, *supra*, the court held that a litigant's constitutional right to its day in
24
   court "constrains a court to compel appraisal of a dispute only if the parties expressly and
25
   unequivocally agreed to resolve the 'particular disputed issue' by appraisal, thereby waiving their
26
   constitutional right to judicial resolution of the dispute in question [cites omitted]." The court
27
   went on to observe that the appraisal clause in question was limited to a loss or damage
28

13

1 determination and that "none of the 'extra-contractual' claims asserted in the complaint pertained

2 to the amount of loss under the policy." The court held: "Therefore the district court should have

3 compelled only appraisal of the contractual claim and erred by dismissing the extra contractual

4 claims under the appraisal clause." 44 P .3d at 678 (emphasis added).

5      In *St. Paul*, *supra*, the court also cited and relied on the seminal "appraisal" case of

6 *Jefferson Ins. Co. of N.Y. v. Superior Court,* 3 Cal.3d, 90 Cal.Rptr. 608, 475 P.2d 880 (1970), in

7 holding that appraisers in the insurance policy context are limited to a determination of the

8 matters specifically set forth in the appraisal provision, but "it is certainly not their function to

9 resolve questions of coverage and interpret provisions of the policy." *St. Paul*, supra, 609 P2d.

10 1203. Even in a full blown arbitration context, an arbitrator's jurisdiction is strictly limited to

11 determining only those issues that have clearly and unmistakably been entrusted to arbitration

12 under the arbitration agreement. Parties are not required to arbitrate disputes that are outside the

13 scope of the arbitration provision.

14      Peerless Indemnity cannot require Garnet Mercantile to appraise disputes that are outside

15 the scope of the appraisal provision. Garnet Mercantile's causes of action for bad faith and

16 violations of the unfair trade practices act are outside the very narrow appraisal provision and

17 thus are not subject to appraisal.

18      Because insurance appraisals are so narrow and limited in scope, cases hold they do not

19 even qualify as "arbitrations" subject to the Federal Arbitration Act.  Nevertheless, even the

20 Federal Arbitration Act "does not require parties to arbitrate when they have not agreed to do so."

21 *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 293 (2002) ("The FAA directs courts to place

22 arbitration agreements on an equal footing with other contracts, but it does not require parties to

23 arbitrate when they have not agreed to do so"); *AT&T Techs., Inc. v. Commc'ns Workers of Am.*,

24 475 U.S. 643, 648 (1986) (*quoting United Steelworkers of Am v. Warrior & Gulf Nev. Co.*, 363

25 U.S. 574, 582 (1960) ("'[A]rbitration is a matter of contract and a party cannot be required to

26 submit to arbitration any dispute which he has not agreed to submit'"); *Samson v. NAMA*

27 *Holdings, Inc.* 637 F.3d 915, 923 (9th Cir. 2011) ("... arbitration is a matter of contract and a

28 party cannot be required to submit to arbitration any dispute which he has not agreed so to

14

1    submit."); *Teamsters Local 315 v. Union Oil Co. of Cal.*, 856 F.2d 1307, 1308 (9th Cir. 1988)

2    ("The duty to arbitration depends solely on the parties' contractual agreement to settle certain

3    types of disputes by arbitration."). As such, "parties may agree to limit the issues they choose to

4    arbitrate." *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 130 S.Ct. 1758, 1775-75 (2010). The

5    principle of law limiting "issues" to be arbitrated only to those issues and disputes specifically

6    identified, obviously applies to appraisals as well.

7            The appraisal provision in the Policy is extremely narrow in scope. The only issue subject

8    to appraisal is "the amount of loss." Peerless Indemnity cannot "extend" the language to subject

9    Garnet Mercantile's causes of action for bad faith and violations of Nevada's unfair claims

10   practices act to "appraisal." Insurance policies are "adhesion contracts" and construed in favor of

11   the insured. *See United National Co. v. Frontier Ins. Co.*, 120 Nev. 678, 684 (2004) ("an

12   insurance policy is a contract of adhesion - accordingly, the language of an insurance policy is

13   broadly interpreted in order to affect the greatest possible coverage to the insured"). Peerless

14   Indemnity cannot extend its appraisal clause to require an "appraisal" of any and all disputes.

15   Garnet Mercantile has a Seventh Amendment right to a trial by jury on all matters that are <u>not</u>

16   explicitly subject to appraisal, including its causes of action for bad faith and violation of

17   Nevada's Unfair Claims Practices Act.  Peerless Indemnity had a contractual and fiduciary-like

18   duty and obligation to promptly complete its investigation and analysis. All Peerless Indemnity

19   did was delay payment of the loss and fail to fully evaluate the loss. Garnet Mercantile should be

20   allowed to proceed on those causes of action without further delay.

21           **G.      Peerless Indemnity is not entitled to a stay.**

22           As set forth in the facts and authorities above, the scope of the appraisal clause is very

23   narrow. None of the claims raised by Garnet Mercantile against Peerless Indemnity in its

24   complaint fall within the appraisal clause. Even if the court compels appraisal, the court must

25   deny Peerless Indemnity's request to stay this litigation.

26           The court has a duty to adjudicate disputes properly before it and, according to

27   admonitions set forth in the rules governing process and procedure, federal courts should

28   construe and apply this court's rules "to secure the just, speedy, and inexpensive determination of

15

1    every action and proceeding." *See* Fed. R. Civ. P. 1. In order to stay this action, the Court must

2    conclude that Garnet Mercantile's claims "on [their] face" are "within the purview of the

3    [appraisal] clause." *See Chicago Tribune Co. v. Chicago Typographical Union No. 16/CWA*

4    *14408*, 1992 U.S. Dist. LEXIS 13646, *10-11 (N.D. Ill. Sept. 8, 1992) ("Arbitration clauses have

5    been loosely categorized by some courts as 'broad' or 'narrow.' Generally, broad arbitration

6    clauses are those which provide for arbitration of disputes 'of any nature of character,' or simply

7    'any and all disputes.' ... Narrow clauses, on the other hand, are limited by their terms to certain

8    types of disputes ...") (*citing McDonnel Douglas Fin. Corp. v. Penn. Power & Light Co.*, 858

9    F.2d 825, 832 (2d Cir. 1988)); *accord Law Offices of Bradley J. Hofland, P.C. v. McFarling*, No.

10   2:06-cv-00898, 2007 WL 1074096, at *4 (D. Nev. Apr. 9, 2007). As set forth above, none of the

11   claims Garnet Mercantile asserted in the complaint fall within the scope of the appraisal

12   provision of the Policy. None of the claims asserted in the complaint call for a determination or

13   appraisal of the amount of the items already evaluated. The remaining issues involve questions of

14   the scope of the damage and extra/non-contractual claims in nature.

15          While a court has discretion to stay "non-arbitrable issues ... pending arbitration, there is

16   a preference for proceeding with the non-arbitrable claims when feasible." *United Commc'ns*

17   *Hub, Inc. v. Qwest Commc'ns, Inc.*, 46 Fed. Appx. 412, 415 (9th Cir. 2002); *see Dean Witter*

18   *Reynolds, Inc. v. Byrd*, 470 U.S. 213, 225 (1985) (J. White, concurring) ("[T]he heavy

19   presumption should be that the arbitration and the lawsuit will each proceed in its normal

20   course"). This is all the more true in the "much more" limited context of an appraisal, and

21   especially where the appraisal would <u>not</u> resolve issues in the lawsuit.

22          None of the claims asserted in the complaint are subject to the appraisal provision;

23   however, even if one claim was subject to that provision, the court should still not enter a

24   discretionary stay of any of the other claims. In exercising its discretion to stay the remainder, the

25   court is to consider three factors: ( l) "the risk of inconsistent rulings;" (2) "the extent to which

26   parties will be bound by the arbitrators' decision;" and (3) "the prejudice that may result from

27   delays." *Volkswagen of Am., Inc.*, 474 F.3d at 972. None of these factors support a discretionary

28   stay in this case.

16

1    First, based on the claims presented, there is no possibility of inconsistent rulings.

2 Second, because none of the claims implicate the appraisal provision, no one would be "bound"

3 by the appraisal decision with respect to the claims before the court and all parties could pursue

4 legal proceedings on all of those claims. Nor would any appraisal award have any collateral

5 estoppel or res judicata effect on any of the claims in this action. Third, Garnet Mercantile will be

6 prejudiced by a stay of its claims. This loss occurred more than two years ago, and the delay in

7 obtaining the proceeds of the policy has already had a devastating effect on Garnet Mercantile, its

8 business, reputation, and future prospects.

9 **V.    CONCLUSION**

10    For the foregoing reasons, the Court should deny Peerless Indemnity's motion to dismiss.

11 The Court should also deny Peerless Indemnity's alternative request to compel appraisal and stay

12 this matter.

13    DATED: This  23rd  day of March, 2015.

14                                    **LEVERTY & ASSOCIATES LAW CHTD.**

15

16                                     /S/ *Patrick Leverty*
                                      Vernon E. Leverty, Esq., NV Bar No. 1266
                                      Patrick R. Leverty, Esq., NV Bar No. 8840
17                                    832 Willow Street
                                      Reno, Nevada 89502
18                                    Ph: (775) 322-6636 • Fax: (775) 322-3953
                                      Attorneys for Plaintiff Garnet Mercantile

19

20

21

22

23

24

25

26

27

28

17

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to counsel of record,

including the following:

| | |
|---|---|
| Amy M. Samberg, Esq.<br>Joshua D. Cools, Esq.<br>3883 Howard Hughes Parkway<br>Suite 1100<br>Las Vegas, NV 89169<br>*Attorneys for Defendant*<br>*Peerless Indemnity Insurance Company* | |

DATED this 23rd day of March, 2015.

/S/ *Patrick Leverty*
An employee of Leverty & Associates Law Chtd.

18